1  Helen R. Frazer        State Bar No. 92627
2  ATKINSON, ANDELSON, LOYA, RUUD & ROMO
   12800 Center Court Drive, Suite 300
   Cerritos, CA 90703
3  Telephone: (562) 653-3200 • (714) 826-5480
   Facsimile: (562) 653-3333
4
   Counsel to Chapter 7 Trustee
5  DAVID A. GILL

6

7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                  **LOS ANGELES DIVISION**

11  In re:                              | CASE NO.    2:09-bk-39216 BR
                                        | CHAPTER 7
12
    DONALD  and CAROLYN McWHIRTER,      | **NOTICE OF MOTION AND MOTION**
13                                      | **FOR ORDER AUTHORIZING THE**
                                        | **TRUSTEE TO SELL PROPERTY OF**
14              Debtors.                | **THE ESTATE FREE AND CLEAR OF**
                                        | **LIENS UNDER §§363(b)(1) ;**
15                                      | **MEMORANDUM OF POINTS AND**
                                        | **AUTHORITIES; DECLARATION OF**
16                                      | **DAVID A. GILL IN SUPPORT**
                                        | **THEREOF**
17
                                        | Date:  March 9, 2010
18                                      | Time:  2:00 p.m.
                                        | Ctrm:  1675
19

20  TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,

21  THE UNITED STATES TRUSTEE, CREDITORS, AND ALL OTHER PARTIES IN

22  INTEREST:

23

24      PLEASE TAKE NOTICE that on March 10, 2010 at 2:00 p.m., or as soon thereafter as

25  counsel may be heard, in Courtroom 1675 on the 16th Floor of the Bankruptcy Court located at

26  255 East Temple Street, Los Angeles, California, David A. Gill, the Chapter 7 Trustee in the

27  above-captioned case, will move the Court for an order approving the sale of the Debtor's

28  scheduled interest in the real property asset located at 5462 Diaz Street, Irwindale, California (the

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE (562) 653-3200 • (714) 826-5480
FACSIMILE (562) 653-3333

008354.00026/1423419v

1    "Diaz Street Property"), pursuant to 11 U.S.C. §363(b)(1) as provided by Federal Bankruptcy

2    Rule 6004.

3     By this Motion, the Trustee seeks to sell all of the Estate's interest in the Diaz Street

4    Property for $1,000,000 in a sale outside the ordinary course of business.

5     Overbids, if any, must be in an initial increment of $5,000.00 with all subsequent

6    overbids in increments of $1,000.00, and must be accompanied by a non-refundable deposit paid

7    by a cashier's check in the amount of $10,000.00. The Trustee reserves discretion to recommend

8    that the Court approve a sale of the Diaz Street Property to an overbidding party with the sale

9    closing within 11 days from entry of a Bankruptcy Court Order approving this sale.

10     The Trustee further reserves the right to recommend that the Court approve a sale of the

11    Diaz Street Property to the party making the next highest purchase offer in the event that the sale

12    proposed by this Motion should fail.

13     This Motion is based upon this pleading, the memorandum of points and authorities and

14    Declaration of David A. Gill filed concurrently herewith, all court documents filed herein, and

15    on such other and further oral and/or documentary evidence as may be presented at the time of

16    the hearing on the Motion.

17     PLEASE TAKE FURTHER NOTICE that if you object to the Motion, you must file a

18    written opposition conforming to Local Bankruptcy Rule 9013-1(1)(g) with the Clerk of the

19    United States Bankruptcy Court at 255 E. Temple Street, Ninth Floor,, Los Angeles, California

20    90012, and serve a copy of it upon the Office of the United States Trustee at Office of the U.S.

21    Trustee, 725 S. Figueroa Street, 26th Floor, Los Angeles, California 90017; upon David A. Gill,

22    Chapter 7 Trustee,2029 Century Park East, 3rd Floor, Los Angeles, CA 90067, and upon the

23    Trustee's counsel, Helen Ryan Frazer, at Atkinson, Andelson, Loya, Ruud & Romo, 12800

24    Center Court Drive, Suite 300, Cerritos, California 90703-8597, no less than fourteen (14) days

25    prior to the date set for the hearing on this Motion. The Court may treat oppositions not filed and

26    served in accordance with this Notice as a waiver of the right to oppose the Motion and may

27    grant the relief requested.

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

008354.00026/1423419v1

1      If you do not oppose the above-described Motion, you need not take any further action.

2

3   DATED: February 17, 2010              ATKINSON ANDELSON LOYA RUUD & ROMO

4                                        By: _____

5                                            Helen R. Frazer
                                             Counsel to Chapter 7 Trustee
6                                            DAVID A. GILL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE (562) 653-3200 • (714) 826-5480
FACSIMILE (562) 653-3333

008354.00026/1423419v

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## FACTUAL BACKGROUND

On October 23, 2009, Donald and Carolyn McWhirter (the "Debtors") commenced this bankruptcy case by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and David A. Gill was appointed as Chapter 7 Trustee.

In the course of his investigation into the Debtors' financial affairs, the Trustee discovered that the Debtors are one-half owners of a parcel of commercial real property located at 5462 Diaz Street, Irwindale, California (the "Diaz Property"). The Diaz Property was not listed in the Debtors' initial schedules but was added in a subsequent amendment. The other one-half interest in the Diaz Property is owned by the Anthony Venti Jr. and Margaret A. Venti Trust of 2002. At the time of the filing of the Chapter 7 case, the Diaz Property was subject to a contract of sale and was in escrow. The Trustee believes it is in the best interest of creditors to proceed with the closing of escrow for the Diaz Street Property as it will generate funds for distribution to creditors.

## II.

## SUMMARY OF PROPOSED SALE

The purchase price for the Diaz Property is $1,000,000.00. The buyer is RDL Works, LLC.  After payment of all liens, escrow fees and commissions, the sale will generate approximately $25,000 for the estate. In order to facilitate the sale and provide funds to the estate, the listing broker, Anthony Venti, who is also the co-owner of the property has agreed to waive his sales commission of $25,000.00. An estimated closing statement is attached herto as Exhibit "1".

There was a judgment lien recorded against the property in the amount of $1,573,062.24 in favor of Dan Cardona on August 13, 2009. As this lien was recorded within the 90 day period prior to the filing of the McWhirter bankruptcy case, the Trustee believes the lien can be avoided as a preference pursuant to 11 U.S.C. §547. Accordingly, this lien will not be paid through escrow.

008354.00026/1423419v

-4-

The Trustee believes that the proposed sale is in the best interests of the Estate and creditors because the Sale will generate sale proceeds to be distributed to estate creditors.

The Trustee is informed and believes that the sale as set forth herein is in the best interests of the Estate and creditors because the purchase price represents the fair market value of the Property and will provide sufficient funds to pay the holders of the deeds of trust against the Property in full plus pay a dividend to unsecured creditors.

The Trustee believes that sufficient information exists to establish that the proposed sale contains fair and reasonable terms, is the product of adequate marketing and arms-length negotiations, and is in the best interests of the Estate under present market conditions.

### III.

### 11 U.S.C. § 363 PERMITS THE TRUSTEE TO SELL THE DIAZ PROPERTY, OTHER THAN IN THE ORDINARY COURSE OF BUSINESS, AS AN ASSET OF THE ESTATE.

Section 363(b) of the Code provides that the "trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1) (West 1993 & Supp. 2000). A sale of estate property pursuant to §363(b) requires the moving party to establish that the proposed transaction has a valid business justification and is made in good faith.    In re 240 N. Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996); In re Walter, 83 B.R. 14, 15 (9th Cir. BAP 1988)(following In re Lionel Corp., 722 F.2d 1063, 1071 (2nd Cir. 1983)(finding that §363(b) contains an implicit requirement that the moving party justify the propriety of the proposed transaction)).

A.    **Business Justification**

The sufficiency of a proposed business justification depends upon the circumstances in a case and consideration of the best interests of the estate. Walter, 83 B.R. at 15-16. A non-exhaustive list of factors for a court to consider includes:

". . . the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing, the likelihood that a plan of reorganization will be proposed and confirmed in the near future, the effect of the proposed disposition

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE (562) 653-3200 • (714) 826-5480
FACSIMILE (562) 653-3333

1    on future plans of reorganization, the proceeds to be obtained from the disposition

2    vis-a-vis any appraisals of the property, which of the alternatives of use, sale or

3    lease the proposal envisions and, most importantly perhaps, whether the asset is

4    increasing or decreasing in value." Id. at 16 (citing Lionel, 722 F.2d at 1071).

5    Here, the Diaz Property is a parcel of commercial real property. The Diaz Property Sale

6    will generate funds for estate creditors. Accordingly, a sufficient business justification exists for

7    the sale of the Diaz Property to the Buyer.

8    **B.    Good Faith**

9    "'Good faith' encompasses fair value, and further speaks to the integrity of the

10    transaction. Typical 'bad faith' or misconduct, would include collusion between the seller and

11    buyer, or any attempt to take unfair advantage of other potential purchasers." 240 N. Brand

12    Partners, 200 B.R. at 659 (quoting In re Wilde Horse Enter., Inc., 136 B.R. 830, 842 (Bankr. C.D.

13    Cal. 1991)). A sale under §363(b) satisfies the good faith requirement when the proponent of the

14    transaction discloses sufficient information to enable a court to determine whether the proposed

15    sale is in the best interest of the estate based upon fair and reasonable terms, adequate marketing,

16    and arms-length negotiations. Wild Horse Enter., 136 B.R. at 841-42.

17    As set forth in the Trustee's Declaration filed concurrently herewith, the Trustee believes

18    that the proposed sale is fair and reasonable under the circumstances and accurately reflects arms

19    length negotiations.

20    Accordingly, the Trustee believes that the proposed sale is the product of good faith,

21    arms-length negotiations.

22    **IV.**

23    **THE TRUSTEE MAY SELL THE DIAZ PROPERTY, UNDER§363(B), FREE AND**

24    **CLEAR OF ALL LIENS.**

25    A trustee may transfer property of the estate free and clear of liens in a sale pursuant to

26    §363(b) only if the trustee can establish one of the five grounds enumerated under 11 U.S.C.

27    §363(f). In re Ex-Cel Concrete Co., Inc., 178 B.R. 198, 203 n.7 (9th Cir. BAP 1995); In re

28    Elliot, 94 B.R. 343, 345 (E.D. Pa. 1988)(finding that §363(f) is written in the disjunctive and

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE (562) 653-3200 • (714) 826-5480
FACSIMILE (562) 653-3333

1  therefore authorizes a trustee to sell estate property free and clear of all liens if one of the five

2  conditions of §363(f) exists).  Section 363(f) provides:

3      The trustee may sell property under subsection (b) or (c) of this section

4  free and clear of any interest in such property of an entity other than the estate,

5  only if—

6          (1)    applicable nonbankruptcy law permits sale of such property free and

7  clear of such interest;

8          (2)    such entity consents;

9          (3)    such interest is a lien and the price at which such property is to be

10  sold is greater than the aggregate value of all liens on such property;

11          (4)    such interest is in bona fide dispute; or

12          (5)    such entity could be compelled, in a legal or equitable proceeding, to

13  accept a money satisfaction of such interest.

14  11 U.S.C. §363(f) (West 1993 & Supp. 2000).

15      Here, the Trustee believes that the judgment lien filed against the property by Dan

16  Cardona is avoidable as a preference. Therefore, the Trustee's proposed sale of the Diaz Property

17  satisfies the requirements of §363(f)(3).

18                          **V.**

19                      **CONCLUSION**

20      Based on the foregoing, the Trustee respectfully requests that the Court enter its order:

21      1.    Approving the sale of the Diaz Property, as described herein, pursuant to the terms

22  and conditions set forth herein free and clear of the lien of Dan Cardona;

23      2.    Approving payment of the buyer's Broker's commission through escrow;

24      3.    Providing that the Trustee reserves the right to recommend that the Court approve

25  a sale of the Diaz Property to the party with the next highest purchase offer in the event that the

26  sale to RDL Works, LLC proposed by this Motion should fail; and

27

28

008354 00026/1423419v

1     4.    For such other and further relief as the Court deems proper.

2

3    DATED: February 17, 2010        ATKINSON ANDELSON LOYA RUUD & ROMO

4

5                                 By:        _____

6                                   Helen R. Frazer
                                     Counsel to Chapter 7 Trustee
                                     DAVID A. GILL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE (562) 653-3200 • (714) 826-5480
FACSIMILE (562) 653-3333

008354.00026/1423419v1

**DECLARATION OF DAVID A. GILL**

1.    I am the duly appointed Chapter 7 Trustee in the bankruptcy case filed by Donald and Carolyn McWhirter

2.    In the course of my investigation into the Debtors' financial affairs, I discovered that the Debtors are one-half owners of a parcel of commercial real property located at 5462 Diaz Street, Irwindale, California (the "Diaz Property"). The Diaz Property was not listed in the Debtors' schedules. The other one-half interest in the Diaz Property is owned by the Anthony Venti Jr. and Margaret A. Venti Trust of 2002. At the time of the filing of the Chapter 7 case, the Diaz Property was subject to a contract of sale and was in escrow. I believe it is in the best interest of creditors to proceed with the closing of escrow for the Diaz Street Property as it will generate funds for distribution to creditors.

3.    The purchase price for the Diaz Property is $1,000,000.00. The buyer is RDL Works, LLC. I am informed and believe that the buyer is not an insider or affiliate of the Debtors. After payment of all liens, escrow fees and commissions, the sale will generate approximately $25,000 for the estate. In order to facilitate the sale and provide funds to the estate, the listing broker, Anthony Venti, who is also the co-owner of the property, has agreed to waive his sales commission of $25,000.00. An estimated closing statement is attached hereto as Exhibit "1".

4.    There was a judgment lien recorded against the property in the amount of $1,573,062.24 in favor of Dan Cardona on August 13, 2009. As this lien was recorded within the 90 day period prior to the filing of the McWhirter bankruptcy case, I believe the lien can be avoided as a preference pursuant to 11 U.S.C. §547. Accordingly, this lien will not be paid through escrow.

5.    The Sale will generate sale proceeds to be distributed to estate creditors upon further order of court. I estimate that the proposed sale will net the Estate approximately $25,000.00.

6.    I believe that sufficient information exists to establish the proposed sale contains

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE: (562) 653-3200 (714) 826-5480
FACSIMILE: (562) 653-3333

008354.00026/1423419v1

fair and reasonable terms, is the product of adequate marketing and arms-length negotiations, and is in the best interests of the Estate under present market conditions.

7.     Based on the above analysis, I respectfully request that the Court approve the sale as set forth herein.

The facts set forth in this Declaration are personally known to me and I have firsthand knowledge thereof.  If called as a witness, I could and would testify competently to those facts under oath.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Feb 12, 2010 at Los Angeles, California.

David A. Gill, Chapter 7 Trustee

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703
TELEPHONE: (562) 653-3200 / (714) 826-5480
FACSIMILE: (562) 653-3333

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 12800 CENTER COURT DRIVE, SUITE 300, CERRITOS, CA 90631

A true and correct copy of the foregoing document described **MOTION FOR ORDER AUTHORIZING THE TRUSTEE TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS UNDER §§363(b)(1) ; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DAVID A. GILL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.   **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On February 17, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Office of the US Trustee            ustp.region16.la.ecf@usdoj.gov
David Gill                          dgill@dgdk.com
Michael Binning                     mbinning@binninglaw.com

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL**
On February 17, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Donald MCWhiter Jr. and Carolyn McWhiter
1131 Englewild Drive
Glendaora, CA  91741-2286

Hon. Barry Russell
US Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA  90012

☒ Service information continued on attached page

III. **SERVED BY EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on February 17, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:  January 19, 2010                              _____
                                                     Mary Buenaventura

ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
12800 CENTER COURT DRIVE, SUITE 300
CERRITOS, CA 90703-9364
TELEPHONE: (562) 653-3200 • (714) 826-5480
FACSIMILE: (562) 653-3333

# MAILING LIST

American Express Centurion Bank
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

VW CREDIT, INC.
POB 829009
DALLAS, TX 75382-9009

Advanta
PO Box 8088
Philadelphia, PA 19101

Anthony Veniti Jr
1072 W Donington Ave
Glendora CA 91741

Baker, Keener & Nahra
633 W. Fifth Street #5400
Los Angeles, CA 90071

Bank of America
PO Box 15026
Wilmington, DE 19850

Bank of America
PO Box 981815
El Paso, TX 79998

Carolynn McWhirter
1131 Englewild Drive
Glendora, CA 91741-2286

Chase
PO Box 94014
Palatine, IL 60094

Citi Business
PO Box 6401
The Lakes, NV 88901

Citizens Business Bank
1000 E. Huntington Drive
PO Box 708
Monrovia, CA 91017

Countrywide
Box 10219
Van Nuys, CA 91410

Dan Cardona
1155 Englewood Drive
Glendora, CA 91741

David J. Pasternak
Pasternak, Pasternak & Patton
1875 Century Park East #2200
Los Angeles, CA 90067

Discover
PO Box 6103
Carol Stream, IL 60197

Donald McWhirter, Jr.
1131 Englewild Drive
Glendora, CA 91741-2286

Edward M. Wolkowitz
1888 Century Park East #1500
Los Angeles, CA 90067

Far East National Bank*
105 E. Valley Blvd., 2nd Floor
Alhambra, CA 91801

First Centennial Mortgage
15688 Arrow Hwy
Irwindale CA 91706

Ford Motor Credit
PO Box 7172
Pasadena, CA 91109

Indymac
6900 Beatrice Dr.
Kalamazoo, MI 49009

Jennifer W Crastz
Hemar Rousso & Heald LLP
15910 Ventura Blvd 12th Flr
Encino CA 91436

John Logan Hundter
Hunter Molloy & Salcido LLP
225 S Lake Ave Ste 600
Pasadena CA 91101

Nordstrom Bank
PO Box 79137
hoenix AZ 85062-9137

Peter Tripodes
500 N First Ave #5
Arcadia CA 91006

Philip J. Marr
Palermo, Barbaro, Chinen & Pitzer
301 E. Colorado Blvd. #700
Pasadena, CA 91101-1911

Porsche Financial Services, Inc.
c/o Law Offices of Beck & Browning
3828 Carson Street, Suite 100
Torrance, California 90503

Richard M. Moneymaker
515 S. Figueroa St. #1037
Los Angeles, CA 90071

So Cal Edison
PO Box 300
Rosemead CA 91722-0001

Target
PO Box 59231
Minneapolis MN 55459-0231

U.S. Bank
P.O. Box 790179
St. Louis, MO 63179

United States Trustee
725 S. Figueroa 26th Floor
Los Angeles, CA 90017

V.W. Credit
PO Box 3
Hillsboro, OR 97123-0003

Wells Fargo Card Services
PO Box 30086
Los Angeles CA 90030-0086

Wiebe & Associates
377 N. Central Ave
Upland, CA 91786

William J. Zeutzius
234 E. Colorado Blvd., Suite 620
Pasadena, CA 91101

Zion's Bank
1 South Main Street
Salt Lake Cty, UT

008354.00026/1413853v